# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

WALLIN F. CALHOUN,

    Plaintiff,

vs.                                         Case No. 4:15cv458-WS/CAS

SUE ELLEN MELLO, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and with in forma pauperis status, has filed an amended complaint. ECF No. 10. The amended complaint has now been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff no longer challenges that judges have been "rigging" trials and prosecutors committed "perjury to secure convictions" and violate his constitutional rights. ECF No. 1 at 6. Plaintiff now contends that three court reporters and Leon County have made false transcriptions and "submitted perjured documents" to prevent Plaintiff from overturning his conviction. ECF No. 10 at 3. Plaintiff makes the conclusory allegation that

his due process and equal protection rights have been violated. *Id.* at 4. He seeks a declaratory judgment, punitive damages, and an injunction to "halt the falsification of court transcripts to obstruct Federal Habeas Review and Appellate Court review." *Id.* at 4.

Plaintiff's complaint presents only conclusory allegations. Plaintiff does not allege even one specific statement from the allegedly "perjured" transcripts that he contends is false or inaccurate. Plaintiff has not alleged any specific acts of wrongdoing by any named Defendant or other persons associated with his criminal prosecution. Rather, Plaintiff makes only conclusory allegations that the court reporters did not "take down verbatim what was being said . . . ." *Id.* at 3. Plaintiff has not shown how the transcripts have caused him harm, violated his due process rights, or violated his equal protection rights. Plaintiff's conclusory allegations are insufficient to state a claim upon which relief may be granted.

Moreover, although Plaintiff filed this case as a civil rights action, seeking declaratory judgment, punitive damages, and injunctive relief, the injunctive relief Plaintiff seeks is to halt obstruction with federal habeas review and appellate court review. ECF No. 10 at 4. It would appear that Plaintiff is attempting to use this case to either pursue habeas relief or collaterally challenge and undermine his conviction.

Judicial notice is taken that Plaintiff initiated another civil rights case in this Court, case number 4:12cv583-MW/CAS.  There, Plaintiff attempted to assert a malicious prosecution claim against the prosecuting assistant state attorney.  That case was dismissed for failure to state a claim in March 2013.  ECF No. 17 of case # 4:12cv583.  Judicial notice was taken that Plaintiff was arrested in May of 2011 and charged with battery (FLA. STAT. § 794.011), and lewd or lascivious molestation (FLA. STAT. § 800.045) in case number 2011-CF-1408-A.  A jury convicted Plaintiff of lewd and lascivious molestation on June 14, 2012, and he was sentenced to 15 years imprisonment.  *See* ECF No. 15, case # 4:12cv583.  Judicial notice is now taken that in December 2013, Plaintiff's appeal to the Florida First District Court of Appeal resulted in a per curiam affirmance.  Case No. 1D12-3034.  It is unclear whether Plaintiff has otherwise sought to challenge his conviction.  Doing so, however, is not possible in a civil rights case.

Although Plaintiff seeks monetary damages as relief, he also seeks an unspecified "declaratory" judgment.  Because Plaintiff alleged Defendants edit transcripts and omit "questionable" conduct of judges and prosecutors if that conduct would "overturn a conviction," *see* ECF No. 10 at 3, it would appear that if those allegations were true, Plaintiff's conviction

could not stand. A civil rights case cannot be used to collaterally challenge a conviction. Such relief is only possible in federal court pursuant to the filing of a habeas petition under 28 U.S.C. § 2254, after having exhausted state court remedies. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973).

There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also* Hill v. McDonough, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006)(holding that challenge to lethal injection procedures may be brought in § 1983 action). Habeas corpus is the exclusive remedy for a prisoner who challenges the validity of a conviction, his confinement, or who seeks immediate or speedier release from prison. Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994). "Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).

If Plaintiff contends that his conviction is invalid and he has evidence that court reporters falsified transcripts to prevent overturning his conviction, such a claim must be brought through a habeas petition. This civil rights case must be dismissed because the conclusory allegations are insufficient to state a claim. Moreover, even if Plaintiff's claims were more fully developed in an amended complaint, they could not proceed in a civil rights case because his claims, if proven, would "necessarily imply the invalidity" of his current conviction and imprisonment and, thus, is not cognizable under § 1983. <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584, 1589, 137 L. Ed. 2d 906 (1997).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 11, 2016.


 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**